# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION
## NOT FOR PUBLICATION

August 18, 2008

| | |
|---|---|
| MaryAnn Grace Paszek<br>514 Vine Street, BB-4<br>Elizabeth, NJ 07202<br>    (*Plaintiff,* pro se) | David B. Bender<br>Office of the New Jersey Attorney General<br>25 Market Street, P.O. Box 112<br>Trenton, NJ 08625-0112<br>    (*Attorney for Defendant Judge*<br>    *Thomas N. Lyons*) |
| Alison L. Galer<br>Norris, McLaughlin & Marcus, PA<br>721 Route 202-206, P.O. Box 1018<br>Somerville, NJ 08876-1018<br>    (*Attorney for Defendants*<br>    *Washington Mutual Bank and*<br>    *Federal National Mortgage Ass'n*) | Moshood Muftau<br>Union County Counsel<br>Administration Building<br>Elizabeth, NJ 07207<br>    (*Attorney for Defendants Ralph*<br>    *Froehlich and John Santora*) |

**RE:** **Paszek v. Froehlich, et al.**
     **Civ. No. 08-455 (WJM)**

Dear Counsel:

    This matter comes before the Court on three motions to dismiss a Complaint filed by *pro se* Plaintiff MaryAnn Grace Paszek.  The Complaint, which names thirteen defendants, alleges a variety of wrongs resulting from what Plaintiff contends was the unlawful foreclosure and sale of her Elizabeth, NJ home in 2004.  Motions to dismiss are pending on behalf of (1) Washington Mutual Bank and Federal National Mortgage Association; (2) Judge Thomas N. Lyons of the Superior Court of New Jersey; and (3) Sheriff Ralph Froehlich and Deputy Foreclosure Sheriff John Santora. Pursuant to Fed. R.

Civ. P. 78, no oral argument was held. For the reasons discussed below, the motions to dismiss are **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff executed a note and mortgage dated October 19, 1998 in the original principal amount of $100,000 in favor of Washington Mutual Bank ("WMB"). The mortgage encumbered real property located at 117 West 15th Street, Linden, NJ. On February 3, 2004, WMB assigned the mortgage to Federal National Mortgage Association ("FNMA"). FNMA subsequently assigned the mortgage back to WMB.

As a result of Plaintiff's default on her obligations under the mortgage, WMB instituted a foreclosure action against Plaintiff on January 20, 2004. After Plaintiff failed to appear in the foreclosure action and was deemed to have defaulted, a final judgment of foreclosure was entered on May 24, 2004. Plaintiff twice delayed scheduled sheriff's sales of the property by filing bankruptcy petitions and obtaining automatic stays. A sheriff's sale was ultimately conducted on January 25, 2006, and Plaintiff's home was sold to a third-party purchaser. On March 28, 2006, Plaintiff filed a motion in the foreclosure action seeking to vacate the sheriff's sale for failure to provide her with proper notice under state law, and raising due process and other constitutional arguments. Judge Lyons denied Plaintiff's motion on May 26, 2006. Plaintiff then filed the instant Complaint in January 2008.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12, the Court must accept all allegations in the complaint as true and consider the allegations in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1965.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

## DISCUSSION

Although the Complaint makes passing reference to numerous federal laws, state statutes, and constitutional provisions in a conclusory fashion — including RICO, the Fair Debt Collection Practices Act, the H.U.D. Laws and Regulations, the New Jersey Anti-Eviction Act, and the due process and equal protection clauses, to name a few — it is clear that all of Plaintiff's claims arise out of what she alleges was the unlawful foreclosure and sale of her home.  As explained below, despite construing the Complaint liberally in deference to Plaintiff's *pro se* status, the Court concludes that Plaintiff's Complaint must be dismissed.

**Automatic Stay.**  Plaintiff's arguments as to the illegality of the sheriff's sale hinge on her belief that a bankruptcy petition she filed on January 17, 2006 gave rise to an automatic stay, which was then violated by the sheriff's sale on January 25, 2006.  However, under 11 U.S.C. § 362(c)(4)(A)(i), "if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed," no automatic stay goes into effect upon any subsequent filings.  Following the final judgment of foreclosure, Plaintiff filed a bankruptcy petition on September 1, 2004, which was dismissed on June 13, 2005.[1]  Plaintiff filed a second bankruptcy petition on July 27, 2005, which was dismissed on November 15, 2005.[2]  Pursuant to § 362(c)(4)(A)(i), because these two cases were pending within the previous year but were dismissed, no automatic stay went into effect upon Plaintiff's filing of the third bankruptcy petition on January 17, 2006.  Therefore, to the extent Plaintiff's claims arise out of Defendants' alleged violation of the automatic stay, Plaintiff fails to state a claim upon which relief can be granted.

**Subject Matter Jurisdiction.**  Because this action is, in essence, an appeal of the state court's foreclosure judgment and of Judge Lyons' order denying Plaintiff's motion to vacate the sheriff's sale, "the relief requested effectively would reverse a state court decision or void its ruling," and this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.  *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).

---

[1]   Docket No. 04-38720, U.S. Bankruptcy Court for the District of New Jersey.

[2]   Docket No. 05-34131, U.S. Bankruptcy Court for the District of New Jersey.

Application of the Rooker-Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Rooker-Feldman precludes jurisdiction over claims that were actually litigated or those "inextricably intertwined" with adjudication by a state court. *Taliaferro*, 458 F.3d at 192. Claims in federal court are inextricably intertwined with a state adjudication "'[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000) (quoting *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989) (internal quotation omitted)).

Here, it is clear from the Complaint that awarding any of the relief that Plaintiff requests — which includes declaratory judgments, in addition to compensatory and punitive damages — would require this Court to essentially undo the state court's judgment of foreclosure, as well as the state court's order denying Plaintiff's motion to vacate the sheriff's sale. To the extent Plaintiff's claims were not actually litigated in the foreclosure proceeding, they are inextricably intertwined with the adjudications in that proceeding. *See In Re Knapper*, 407 F.3d 573, 581–82 (3d Cir. 2005). Therefore, the Rooker-Feldman doctrine deprives this court of subject matter jurisdiction to consider Plaintiff's claims.

**Entire Controversy Doctrine.** Additionally, under New Jersey's Entire Controversy Doctrine — which requires that all claims arising out of a single transaction or series of transactions be brought against all potential parties in a single action — Plaintiff is prohibited from raising additional grounds against foreclosure that could have been raised in defense of the foreclosure suit. *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

**Judicial Immunity.** Finally, Plaintiff's claims against Judge Lyons clearly arise from his issuance of an order, in his capacity as a state court judge, denying Plaintiff's motion to vacate the sheriff's sale — an order that was clearly a judicial act, and was not made in the absence of jurisdiction. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768–69 (3d Cir. 2000). These claims, therefore, are barred by judicial immunity.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Because it is apparent from the face of the Complaint that the arguments put forth by the moving defendants apply with equal force to the non-moving defendants — none of whom have been properly served with the Complaint and summons according to the requirements of Fed. R. Civ. P. 4, and none of

whom have appeared in this matter — the Complaint is dismissed as to those defendants as well.[3]

    For all of the foregoing reasons, the motions to dismiss are **GRANTED**, and Plaintiff's Complaint is **DISMISSED** in its entirety as to all defendants.

                                                  s/William J. Martini
                                            **William J. Martini, U.S.D.J.**

---

[3] In addition to the John and Jane Doe defendants, the non-moving defendants include Nelson Diaz, Esq., Rhondi Lynn Schwartz, Esq., Gerald M. Shapiro, Esq., Judge Novalyn L. Winfield of the United States Bankruptcy Court, Marie-Ann Greenberg, William Norton, David Naseef, and Edward S. Seradzky.