# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

October 30, 2008

Maryann Grace Paszek
514 Vine Street, BB-4
Elizabeth, NJ 07202
(*Plaintiff* pro se)

Moshood Muftau
Union County Counsel
Administration Building
Elizabeth, NJ 07207
(*Attorney for Defendants Ralph Froehlich and John Santora*)

Alison L. Galer
Norris, Mclaughlin & Marcus, PA
721 Route 202-206
P.O. Box 1018
Somerville, NJ 08876
(*Attorney for Defendants Washington Mutual Bank and Federal National Mortgage Association*)

    Re:    <u>Paszek v. Froelich, et al.
               Civil Action No. 2:08-CV-455 (WJM)</u>

Dear Litigants:

    This matter comes before the Court on *pro se* Plaintiff's motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b). The Court did not hold oral argument. Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff defaulted on a $100,000 mortgage and Washington Mutual Bank instituted a foreclosure action on real property located at 117 West 15th Street, Linden, NJ. After Plaintiff failed to appear at the foreclosure action, a final judgment of foreclosure was entered on May 24, 2004. Seeking the protection of the automatic stay, Plaintiff filed a bankruptcy petition on September 1, 2004, which was dismissed on June 13, 2005. Plaintiff then brought a second bankruptcy action on July 27, 2005, which was dismissed on November 15, 2005. Undeterred, Plaintiff brought a third bankruptcy petition on January 17, 2006. A sheriff's sale was conducted on January 25, 2006 and the property was sold to a third-party purchaser.

On March 28 2006, Plaintiff filed a motion in the foreclosure action seeking to vacate the sheriff's sale for failing to provide her with proper notice under New Jersey Law. Plaintiff also raised additional due process and constitutional arguments. Judge Thomas N. Lyons denied Plaintiff's motion on May 26, 2006 and Plaintiff filed an action in this Court in January 2008.

In response, Defendants filed three separate motions to dismiss: Judge Lyon's motion to dismiss on April 11, 2008; Washington Mutual Bank and Federal National Mortgage Association's motion to dismiss on April 28, 2008; and Sheriff Ralph Froelich and Deputy Foreclosure Sheriff John Santora's motion to dismiss on June 4, 2008.

On August 18, 2008, the Court granted the Defendants' motions to dismiss and issued an appropriate Order.

## DISCUSSION

Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or]; (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b)(1),(6). The remedy provided under Rule 60(b) is "extraordinary, and [only] special circumstances may justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). In fact, relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome." *Harris v. Martin*, 834 F.2d 361, 364 (3d

2

Cir. 1987). Rule 60(b) is not a substitute for an appeal, and legal error, without more, does not warrant relief under this rule. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).

Here, Plaintiff does not cite a proper basis for relief under Rule 60(b). Plaintiff merely requests that the Court vacate its prior order because of two legal errors, not because of some extraordinary or special circumstance. Specifically, Plaintiff claims that: (1) she did not receive proper notice of Defendants Froelich and Santora's motion to dismiss under Local Rule 7.2(d)(1); and (2) that certain of Plaintiff's bankruptcy filings do not "count" towards the total filing count under § 362(c)(4).

Plaintiff's argument that she did not receive proper notice of Defendants Froelich and Santora's separate motion to dismiss lacks merit. Local Rule 7.1(d)(1) states that "[n]o application will be heard unless the moving papers and a brief . . . and proof or acknowledgment of service on all parties, are filed with the Clerk at least 24 days prior to the noticed motion date.

Defendants Froelich and Santora filed their motion to dismiss on June 4, 2008. The noticed motion date for Defendants' motion was July 7, 2008. Plaintiff received a copy of the motion in the mail on June 12, 2008, eight days after the filing of the motion postmarked June 6, 2008. Under Fed. R. Civ. Pro. 6, Plaintiff received notice of the motion 25 days prior to the motion date and therefore had sufficient time to oppose Defendants motion. Accordingly, Plaintiff's motion on this ground should be **DENIED**.

Plaintiff also contends that certain of Plaintiff's bankruptcy filings do not "count" towards the total filing count under § 362(c)(4). As stated above, Rule 60(b) is not a substitute for an appeal. The Court stated in its prior opinion that Plaintiff's January 17, 2006 bankruptcy filing did not give rise to an automatic stay based on the plain language of § 362(b)(4)(A)(i).

As such, Plaintiff's motion to vacate the Court's August 18, 2008 Order pursuant to Fed. R. Civ. P. 60(b) should be **DENIED**. Attached is an appropriate Order.

                                              s/William J. Martini
                                              **William J. Martini, U.S.D.J.**